## Riglesberger v. Katterjohn.

(Decided March 22, 1918.)

### Appeal from McCracken Circuit Court.

1. Pleading—Sufficiency.—A petition that set forth a contract between the plaintiff and the defendant, the defendant's breach thereof, and the plaintiff's consequent damage, stated a cause of action.

2. Contracts—Action Upon Contract—Entries—Evidence—Appeal and Error.—Where a trial court refused to permit a defendant to read from his account book which he kept in connection with his business to show the recorded terms of a contract between him and the plaintiff, he cannot complain upon appeal when he failed to make an avowal showing what he would have proved by his books if he had been allowed to read the entries in evidence.

3. Contracts—Action for Breach of—Evidence.—Upon the trial of an issue as to the breach of a contract for the sale of goods, plaintiff may show the breach by the defendant's discharged employee, although such proof may show bad faith upon the part of the defendant and thereby inflame the minds of the jury.

4. Contracts—Action for Breach of—Measure of Damages.—Where a breach of contract consists of the failure to deliver goods of the quality contracted for, the buyer is entitled to compensation for the injuries suffered because of the defect, and generally the measure of damages is the difference between the market value of the goods contracted for and the market value of the goods delivered.

EATON & BOYD for appellant.

CAMPBELL & CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an action by Katterjohn against Riglesberger for damages for breach of contract in the sale of an automobile, in December, 1915. The parties differ as to the consideration and the terms of the contract; Katterjohn

contending that the automobile was sold to him for $1,050.00, and that he paid that sum by trading in an old "Grant" car at $450.00, and paying $600.00 in cash.

Katterjohn further contends that Riglesberger contracted to deliver him an automobile with a certain cabriolet body which Riglesberger had in his garage in Paducah, equipped with a new stock chassis or running gear to be procured by Riglesberger from the Maxwell Motor Company; that the chassis or running gear together with the equipment, engine, etc., and the body to be placed thereon should be new and that the car should be delivered as a new car in first class condition; and, that instead of performing his contract Riglesberger fraudulently fitted up the automobile by substituting an old second-hand running gear which had been through two fires and had not been procured from the Maxwell Motor Car Company, and was worthless and of no value.

After Katterjohn had had the automobile for several months he sold it to Dr. Lackey, who retained and used it for five months and then surrendered it to Katterjohn.

Riglesberger contends that the regular price of a new automobile of the character sold was $925.00 and that he sold the automobile in question to Katterjohn for $850.00, which he paid by turning in an old "Grant" car at $300.00, and paying $600.00 cash, of which $50.00 was for extras ordered at the time. Riglesberger further contends that while Lackey had the automobile it took part in three collisions, and was badly damaged and sadly out of repair by reason of its severe use.

Early in January, 1917, Katterjohn discovered for the first time the fraud which he claims was practiced upon him; and, after having offered to return the automobile to Riglesberger, Katterjohn brought this action on February 23, 1917, laying his damages at $1,050.00, the price of the automobile, and $105.31 repairs thereon, making a total of $1,155.31. The answer traversed the petition and set up Riglesberger's contention as to the terms of the contract; that he had disposed of the old "Grant" car received in part payment at the low price of $212.00, and that it was impossible, therefore, for the parties to be restored to their former conditions by reason of Riglesberger's inability to return the old "Grant" automobile.

Katterjohn secured a verdict and judgment for $600.00, and Riglesberger appeals asking a reversal for

these reasons: (1) Because the petition does not state a cause of action; (2) error in the instructions; (3) error in excluding competent evidence offered by the appellant; and, (4) error in admitting incompetent evidence offered by the appellee.

1. The petition sets forth the contract, appellant's breach thereof, and appellee's consequent damage. It certainly states a cause of action; and, if the charges were true the plaintiff was entitled to recover.

Appellant contends, however, that the plaintiff sought a rescission of the contract when he offered to return the car in its damaged condition; that he did not seek a restoration of the *status quo* by returning the $600.00 and the old "Grant" car; and that he cannot, therefore, rescind the contract. We do not so read the petition. As we understand it this is merely a suit for a breach of contract in which the petition alleges the contract, its breach, and damages therefor. The claims of the respective parties as to the price is immaterial, under the proof and the instructions which submitted only the questions of the existence of the contract, its breach, and plaintiff's damage.

2. Upon the trial Riglesberger was asked to read from his account book which he kept in connection with his business, to show the recorded terms of the contract between him and the plaintiff; but the court refused to admit them except for the purpose of permitting Riglesberger to refresh his memory. This ruling cannot be complained of here since the record contains no avowal as to what appellant would have proved by his books if he had been allowed to read the entries in evidence.

3. The court permitted Katterjohn to prove by a certain former employe of Riglesberger that the running gear which was furnished to Katterjohn had been repaired and repainted, for the most part, at the appellant's home; and, it is claimed that this was done for the sole purpose of showing that it was a fraudulent act upon Riglesberger's part, and tended to inflame the jury against him. But, since the questions in the case were, whether the running gear was new or old, and whether Riglesberger committed a fraud in selling it as new running gear, it was competent for the plaintiff to show this by any one who knew the facts; and that was all the trial court permitted.

4. The measure of damages in cases of this character is stated as follows in 35 Cyc. 647:

"Where the breach consists of the failure to deliver goods of the quality contracted for the buyer is entitled to compensation for the injury suffered because of the defects, and generally the measure of damages is the difference between the value of the goods contracted for and the value of the goods delivered."

See also Wallace v. Knoxville Woolen Mills, 117 Ky. 450.

The court gave the following instructions:

"Instruction No. 1. It is admitted by the pleadings and is the indisputed evidence that plaintiff and defendant entered into a contract for the sale of the automobile mentioned to you in the evidence, and the court now instructs you that if you shall believe from the evidence that under said contract, the defendant, Riglesberger agreed that the chassis or running gear of said automobile should be a new Maxwell running gear and shall further believe from the evidence that said chassis, or running gear, was not a new Maxwell running gear, then the law in this case is for the plaintiff and you will so find, but unless you shall so believe from the evidence then the law is for the defendant and you will so find.

"Instruction No. 2. If you find for the plaintiff you will find for him such sum in damages as you may believe from the evidence would be equal to the difference in the reasonable market value of said car, if it was to be equipped, under said contract, with a new Maxwell running gear, and its reasonable market value with the running gear that was placed thereunder, but you can not find for the plaintiff exceeding the amount claimed in the petition, to-wit: $1,050.00."

This was undoubtedly the law of the case.

Judgment affirmed.